IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00574-MSK-BNB

JULIO WAYNE TRUJILLO,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS,
DR. CARY SHAMES, and
DR. AASEN,

    Defendants.
_____

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion for Summary Judgment **(# 33)**. The Plaintiff has not responded to that motion, despite it being pending for several months. Also pending is the Defendants' Motion to Dismiss In Part **(# 20)**, which the Court need not reach as a result of the disposition of this matter.

The Plaintiff, an inmate of the Colroado Department of Corrections, commenced this action pursuant to 42 U.S.C. § 1983, alleging that the Defendants violated his 8th Amendment rights by failing to provide him with adequate medical care – specifically, that they failed to provide for necessary adjustments to his prosthetic leg.

On April 4, 2008, the Defendants moved for summary judgment, arguing, *inter alia*, that the Plaintiff could not show that any of them personally participated in any medical treatment of

1

the Plaintiff, and that the Plaintiff failed to exhaust his adminstrative remedies by completing the CDOC grievance procedure. The Plaintiff has not responded to the motion.[1]

Under Fed. R. Civ. P. 56, where the party moving for summary judgment does not bear the burden of proof at trial, it must indicate that no genuine dispute of material fact exists with regard to one or more claims or defenses; the non-moving party must come forward with sufficient competent evidence to establish a *prima facie* showing of the challenged claim or defense. If the non-movant succeeds, a trial is required; if the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Where a non-movant with the burden of proof at trial fails to respond to a summary judgment motion, the Court does not automatically grant relief to the movant. *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). Rather, the Court must examine whether the Defendants' motion adequately demonstrates that no genuine issue of material fact exists and that the Defendants are entitled to judgment as a matter of law. *Id.* In essence, the Court treats the facts as described by the Defendants as undisputed, and examines whether those undisputed facts demonstrate that the Defendants are entitled to judgment on the Plaintiff's claims.

Here, the Court has reviewed the Defendants motion and finds that they have carried their burden. The Defendants point to competent evidence that demonstrates that they did not personally treat the Plaintiff or otherwise have direct involvement with his medical care.

---

[1] The Defendants' Motion to Dismiss In Part indicates that the Defendant was released from CDOC custody in April 2007. A notice of change of address indicates that the Plaintiff has resided at a private residence in Pueblo, Colorado as of May 2007 **(# 10)**. The Court's records indicate that a copy of the summary judgment motion was mailed to the Plaintiff at his address of record in Pueblo.

Personal participation by each Defendant is a necessary element of a claim under 42 U.S.C. § 1983. *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). Because the Plaintiff cannot show any of the Defendants' personal participation on the undisputed facts as they presently exist, the Defendants are entitled to summary judgment.

As an alternative basis, the Court would also grant summary judgment to the Defendants based on the Plaintiff's failure to exhaust his adminstrative remedies. The Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a), requires inmates to exhaust available prison grievance procedures before commencing a lawsuit. An inmate's failure to exhaust is nominally an affirmative defense that must be raised by the defendants, *Jones v. Bock*, 127 S.Ct. 910, 921 (2007), but once the defendant raises the issue and makes a facial showing of failure to exhaust, the burden shifts to the inmate to come forward with some evidence to show that he did indeed exhaust the grievance procedure. *See e.g. Stone v. Albert*, 257 Fed.Appx. 96, 100 (10th Cir. 2007) (unpublised). Here, the Defendants have raised the affirmative defense of failure to exhaust and come forward with evidence to show that the Plaintiff began, but did not complete, the 3-step CDOC grievance procedure with regard to his claims. The failure to complete the entire grievance procedure amounts to a failure to exhaust. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir.2002). Accordingly, the Court would also grant summary judgment to the Defendants due to the Plaintiff's failure to show that he exhausted his available remedies.

Accordingly, the Defendants' Motion for Summary Judgment **(# 33)** is **GRANTED**. The Court need not reach the Defendants' Motion to Dismiss In Part **(# 20)**. Judgment shall enter in favor of the Defendants.

Dated this 7th day of August, 2008

**BY THE COURT:**

Marcia S. Krieger
United States District Judge